**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                            Case No. 13-20928

CHARLES JAMES MILLER,

    Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**

Defendant Charles James Miller moves for reconsideration of the court's opinion and order denying his motion to suppress evidence, claiming that there are two defects in the court's opinion and order. First, he argues that the court erred by stating that Defendant did not independently contest the seizure of a Sony laptop that was later found to contain child pornography. Second, Defendant claims that the court failed to analyze his argument that the government's initial search warrant was facially invalid.

"[T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(h). The burden of persuasion is on the movant who must "not only demonstrate a palpable defect by which the court and the parties . . . have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001).

The court first addresses Defendant's argument that it erred by failing to independently discuss the seizure of the Sony laptop. Defendant seizes on two statements in the court's opinion as reflecting a misunderstanding by the court that Defendant did not contest the seizure of the Sony laptop. (*See* Dkt. # 26, Pg. ID 247, 258.) Defendant further claims that the government did not inform defense counsel about the existence of child pornography on the Sony laptop until April 5, 2014. (Dkt. # 30, Pg. ID 274.) By this point, Defendant had already filed his motion to suppress, rendering Defendant's reply brief the first opportunity he had to discuss the laptop. In response, the government attaches an email sent to defense counsel on January 31, 2014, in which it informed defense counsel that it had discovered child pornography on "a laptop computer" and warned that "we aren't dealing with just the Coolpix camera." (Dkt. # 33, Pg. ID 347.) In this same email, the government also offered to stipulate to an extension of time for Defendant to file a motion to suppress until after all the computer forensic work was completed. (*Id.*) Apparently, Defendant declined this offer, given that the motion to suppress was ultimately filed weeks before the forensic work was completed. This exchange, although unavailable to the court at the time it issued its opinion, reveals that Defendant *did* in fact have an opportunity to independently contest the seizure of the Sony laptop, but declined to do so.

Even assuming that Defendant had independently contested the Sony laptop in its original motion to suppress (which he did not do, choosing instead to focus his analysis on the search of the Coolpix camera), Defendant's motion for reconsideration on this issue must still be denied because it would not change the disposition of this case. Defendant does not argue that police officers accessed or searched the Sony

laptop on the day of the search. Rather, during the initial search, an officer turned on the Coolpix camera and clicked through a number of pictures before discovering photographs of child pornography. As discussed more fully in the court's opinion and order, the officer ceased his examination of the camera at this point, and later obtained a warrant to search for evidence of child pornography production and possession. (Dkt. # 26, Pg. ID 247–48.)

The court has already determined that the initial examination of the Coolpix camera was constitutionally authorized as within the scope of the search warrant. This initial examination gave the officer probable cause to seek a second search warrant, which authorized the search and seizure of "[a]ny cameras, camera phone, pornographic pictures, *computers, computer software, hard drives and any digital storage media attached to the computer* which may contain images, downloads and/or files, documents of illegal child pornography." (Dkt.. # 18-3, Pg. ID 170.) (emphasis added.) It is undisputed that the government did not search the computer until after obtaining this second search warrant. Thus, Defendant's argument for the suppression of the Sony laptop depends on the suppression of the Coolpix camera for the same reasons originally argued in the Defendant's original motion to suppress. Given that the court has already considered and rejected these arguments,[1] an independent discussion of the Sony laptop would not have altered the disposition of Defendant's

---

[1] Defendant also attempts to reargue the applicability of *Riley v. California*, 134 S. Ct. 2473 (2014), to his case. However, as discussed in the previous opinion and order, because *Riley* involved a warrantless search incident to arrest, the court does not find it to be applicable to the instant case. (*See* Dkt. # 26, Pg. ID 252–53.)

original motion. Therefore, Defendant fails to demonstrate a palpable defect in the court's opinion.

Next, the court turns to Defendant's argument that the court erred by not addressing his argument that the original search warrant was facially invalid because it lacked particularity. Defendant raised three issues in his initial motion to suppress: (1) whether the seizure of the camera exceeded the scope of the search warrant, (2) whether there was a warrant exception authorizing a search of the camera, and (3) whether all other physical evidence from subsequent searches should be suppressed as fruit of the poisonous tree.

Defendant did not argue that the warrant was facially invalid until his reply, a fact that he acknowledged in the opening pages of his brief: "Mr. Miller enlarges the motion by adding an argument that the warrant was facially invalid." (Dkt. # 22, Pg. ID 211.) Defendant now attempts to recharacterize his original arguments, arguing that he "redoubled his challenge to the facial validity of the warrant" and "chose to brief the issue more fully in his . . . reply." (Dkt. # 30, Pg. ID 279–80.) However, the court searches in vain for any argument that the warrant was facially invalid in Defendant's original motion. It is well-settled that issues raised for the first time in a reply brief are deemed forfeited. *See, e.g., United States v. Moore*, 376 F.3d 570, 576 (6th Cir. 2004).

Regardless of Defendant's clear forfeiture of the issue, the court does not find Defendant's facial invalidity argument convincing. Contrary to Defendant's suggestion, the warrant did not authorize the search and seizure of "all items" in Defendant's house. (*See* Dkt. # 30, Pg. ID 282.) Instead, it authorized the search and seizure of "[a]ll items used in connection with the use, manufacturing, storage, transportation, sales and/or

4

concealment of marijuana and Watson 503" as well as "[a]ll items establishing ownership, control, occupancy, or possession of [Defendant's house.]"  (Dkt. # 26, Pg. ID 247.)  The warrant, by its very terms, limited the scope of the authorized search and seizure to items connected to guns, drugs, and ownership of Defendant's house.  The court has already determined that, given the proximity of the camera to Defendant's "'control room' among drugs, scales, and a loaded gun, . . . it was objectively reasonable for an officer . . . to believe that a digital camera might be related to or contain a record of" criminal activity at issue in the warrant.  (*Id.* at Pg. ID 250.)  Further, given that the warrant also authorized a search for evidence that would establish Defendant's ownership of the house; "[a] reasonable officer could surmise that a digital camera might contain photographs that would establish ownership, control, or occupancy of a residence."  (*Id.*)  The court does not share Defendant's view that the warrant was facially invalid because it lacked specificity of the items to be searched and seized.  Accordingly,

     IT IS ORDERED that Defendant's "Motion for Reconsideration" (Dkt. # 30) is DENIED.

                                       s/Robert H. Cleland
                                       ROBERT H. CLELAND
                                       UNITED STATES DISTRICT JUDGE

Dated:  September 30, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 30, 2014, by electronic and/or ordinary mail.

                                             s/Lisa Wagner
                                             Case Manager and Deputy Clerk
                                             (313) 234-5522