UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                           Case No. 13-20928

CHARLES JAMES MILLER,

    Defendant.
                                                      /

**OPINION AND ORDER REGARDING CONTINUED SUPPRESSION HEARING**

On July 23, 2014, the court held a hearing to consider Defendant's motion to suppress evidence. Although the government argued that the inevitable discovery doctrine should apply, rather than presenting evidence the government merely relied on arguments and assertions that the child pornography found on Defendant's digital camera and computers would have been inevitably unearthed as part of criminal forfeiture proceedings. (Dkt. # 26, Pg. ID 258–60.) Because the court lacked a factual foundation to properly consider the government's argument, it allowed, but did not require, the government to file a notice reopening the evidentiary hearing for the limited purpose of presenting evidence on inevitable discovery. On July 30, 2014, the government filed the notice reopening the hearing, and the court held continued evidentiary hearings on September 5 and 22, 2014. For the following reasons, the court will reject the government's argument that the inevitable discovery doctrine should apply. However, as discussed in the court's earlier opinion and order, Defendant's

motion to suppress fails independently of the success of the government's inevitable discovery argument, and the motion will remain denied.

"[T]he inevitable discovery exception to the exclusionary rule applies when the government can demonstrate either the existence of an independent untainted investigation that inevitably would have uncovered the same evidence or other compelling facts establishing that the disputed evidence inevitably would have been discovered." *United States v. Alexander*, 540 F.3d 494, 502 (6th Cir. 2008) (citation omitted). The government must "establish that the tainted evidence would have been discovered by lawful means." *United States v. Leake*, 95 F.3d 409, 412 (6th Cir. 1996). Although some speculation is permissible, the court must focus on "demonstrated historical facts capable of ready verification or impeachment." *United States v. Ford*, 184 F.3d 566, 577 (6th Cir. 1999) (citation omitted). "The government can satisfy its burden by showing that routine procedures that police would have used regardless of the illegal search would have resulted in the discovery of the disputed evidence." *Id.*

The government presented Sergeant Scott Lavis of the Lincoln Park police department as its first witness.[1] Sergeant Lavis testified that he handles forfeiture and search warrant execution for the department. According to Sergeant Lavis, the Lincoln Park police department has limited staff and resources due to budget cutbacks. Once an item is seized by the Lincoln Park police, the owner of the item is issued a forfeiture notice and given an opportunity to object. If the item is successfully forfeited, Sergeant

---

[1] The facts of this case are discussed in greater detail in the court's July 23, 2014, opinion and order, and are incorporated by reference. (*See* Dkt. # 26, Pg. ID 247–249.)

Lavis decides whether to put it into service or sell it at an auction to raise funds for the department. Seized digital cameras are often put into direct service for the department, and are commonly used by police in their patrol vehicles. If Sergeant Lavis decides to put a camera into service for the department, an officer will often page through the camera's library and manually delete each picture on the camera's memory card. However, on occasion (and subject to the camera's functionality) he will delete all of the pictures in a camera's library at once. The Lincoln Park police department does not have a formal procedure for how pictures are deleted, or how forfeited items are prepared for police service. Sergeant Lavis testified that for the most part, deleting photographs is a manual, laborious process.

A similar process is followed for computers. Sergeant Lavis makes the initial decision whether a given forfeited computer will be pressed into service or sold. If Sergeant Lavis decides that a computer will be repurposed for police service, an individual from the IT department deletes unnecessary programs and files from the computer's hard drive. Although it is possible that the technician might see images and files from the computer's hard drive during this process, the technician does not conduct a comprehensive forensic review of the computer. If Sergeant Lavis decides that the computer will be sold to the public, the hard drive is removed and destroyed.

Special Agent Mary Bustamante from the FBI also testified on behalf of the government. Special Agent Bustamante serves as forfeiture coordinator for the FBI's Detroit office. When the FBI receives an item that has been seized, the item is generally searched for its evidentiary value. Special Agent Bustamante testified that a laptop computer would be reviewed for content, and would perhaps undergo a forensic

exam to search encrypted spaces on the computer and deleted files. All electronic items seized by the FBI are examined prior to forfeiture proceedings. Special Agent Bustamante also testified that for cases involving child pornography, her office conducts a thorough search of all electronic materials, although they typically do not do so for the average case involving illicit drugs or guns.[2]

After both parties presented their witnesses, the court asked defense counsel whether she agreed that the images on Defendant's camera would be recognizable as child pornography at a quick glance. Defense counsel stated that she would not stipulate that a thumbnail image would be immediately recognizable as child pornography. The government responded by presenting 8.5 x 11 inch copies of the images to the court, which the court found were immediately recognizable as child pornography. However, because the government did not have the actual camera in its possession at the hearing, the court adjourned the matter so that it would be able to view the images, in thumbnail, as they might have appeared on the camera to Sergeant Lavis had he attempted to delete the camera's images in preparation for pressing the camera into police service.

On September 22, 2014, the court held a continuation of the evidentiary hearing. Government counsel presented the court with the actual camera seized from

---

[2] Defendant Miller testified as a defense witness. Defendant's testimony revolved around whether he received adequate notice of the state forfeiture proceedings, and whether he was lucid enough to understand any notice he was provided. However, the court accords Defendant's testimony limited weight, given that it does not speak to whether the evidence of child pornography on his camera and computers would have been inevitably discovered by the government if the alleged Fourth Amendment violation had not occurred.

4

Defendant's residence.  The camera has a small viewfinder, approximately 1.5 x 2.5 inches in size.  When the camera is turned on, it immediately enters "picture taking mode" where the viewfinder displays an image of whatever is in front of the camera's lens.  Buttons must be pressed in order to switch the camera to "review mode" where each picture is displayed individually as a full-frame image.  If further buttons are pressed, the pictures are reviewable as thumbnails, with either four pictures (in a 2x2 arrangement) or nine pictures (in a 3x3 arrangement) displayed on the viewfinder at a given time.  After reviewing the pictures in these arrangements on the actual camera, the court finds that the full-frame images are immediately recognizable as child pornography.  The 2x2 thumbnail display is more difficult to recognize as child pornography, but is still discernable.  However, the 3x3 thumbnail display is not recognizable as child pornography, in part because of the reduced size of each thumbnail, and in part because the number of each individual image is displayed prominently over the image.

  The government has failed to demonstrate by a preponderance of the evidence that Defendant's child pornography would have inevitably been discovered through the forfeiture process.  According to Sergeant Lavis's testimony, the Lincoln Park police department does not have a regularized procedure for deleting information from seized electronic devices.  For digital cameras, Sergeant Lavis testified that sometimes officers will view each image in the camera or memory card before deleting it; other times, the images are quickly wiped.  Which technique is used depends on the individual officer who is preparing the camera for service, the digital camera itself, time constraints of the given day, and presumably a number of other intangible factors.  Although the court

views it as entirely possible that the camera would have been pressed into Lincoln Park police service (as is often the case), even this decision is subject to Sergeant Lavis's discretion, as there is simply no procedure in place that dictates a given course of action.  For computers, the process of deleting files is even less likely to uncover illicit materials, as Sergeant Lavis testified that an IT technician would either remove the hard drive entirely and destroy it without examination, or delete programs at a macro level, without searching individual files.

In other words, the government has convinced the court that there is a *reasonable possibility* that the child pornography present on the camera would have been discovered—but absent a regularized practice for examining such cameras, the court is not convinced that the discovery was *inevitable*.  However, as discussed in the court's July 23, 2014, opinion and order, Defendant's motion to suppress evidence fails independently of the government's argument that the inevitable discovery doctrine should apply.  (*See* Dkt. # 26.)  Accordingly,

IT IS ORDERED that Defendant's motion to suppress (Dkt. # 16) remains DENIED.

 s/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  September 30, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 30, 2014, by electronic and/or ordinary mail.

                                               s/Lisa Wagner  
                                               Case Manager and Deputy Clerk  
                                               (313) 234-5522