UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v

D-1   CHARLES JAMES MILLER

    Defendant.
_____/

Case No.   13-20928
Honorable: Robert H. Cleland

**PRELIMINARY ORDER OF FORFEITURE**

WHEREAS, a Superseding Indictment was filed on or around November 25, 2014, which charged Defendant with three counts of Production of Child Pornography pursuant to 18 U.S.C. § 2251(a), three counts of Possession of Child Pornography pursuant to 18 U.S.C. § 2252A(a)(5)(B), one count of Receipt of Child Pornography pursuant to 18 U.S.C. § 2252A(a)(2), one count of Possess With Intent to Distribute Controlled Substances pursuant to 21 U.S.C. § 841(a)(1), one count of Felon in Possession of a Firearm pursuant to 18 U.S.C. § 922(g)(1), one count of Possession of Firearms in Furtherance of a Drug Trafficking Crime pursuant to 18 U.S.C. § 924(c) . The Superseding Indictment also sought criminal forfeiture pursuant to 18 U.S.C. §§ 924(d); 2253; 21 U.S.C. § 853; 28 U.S.C. § 2461(c) of all property that facilitated or was involved in the offense(s) and/or constituted proceeds traceable to the offense(s).   (Docket #43).

WHEREAS, on or about January 9, 2015, Defendant pleaded guilty to Counts Six and Seven of the Superseding Indictment, which charged Production of Child Pornography pursuant to 18 U.S.C. § 2251(a), and Possession of Child Pornography pursuant to 18 U.S.C. § 2252A(a)(5)(B) (Docket #49).  As part of the Rule 11 Plea Agreement, Defendant also agreed to forfeiture of any interest he may have in the following firearms (hereinafter "Subject Property"):

a. Titan Semi-Automatic Pistol, Serial Number: A52941;

b. SKS Semi-Automatic Rifle, Model: 06151, Serial Number: 23106151K;

c. Remington SPRG Rifle, Model: 7400, Serial Number: B8003152;

d. Smith & Wesson Semi-Automatic Pistol, Model: SW40VE, Serial Number: DVN6373.

NOW, THEREFORE, based upon the Superseding Indictment, the Rule 11 Plea Agreement, and other information in the record:

IT IS HEREBY ORDERED that Defendant hereby forfeits to the United States any and all interest he may have in the Subject Property pursuant to 21 U.S.C. § 853 and 28 U.S.C. § 2461(c):

a. Titan Semi-Automatic Pistol, Serial Number: A52941;

b. SKS Semi-Automatic Rifle, Model: 06151, Serial Number:

2

      23106151K;

    c. Remington SPRG Rifle, Model: 7400, Serial Number: B8003152;

    d. Smith & Wesson Semi-Automatic Pistol, Model: SW40VE, Serial Number: DVN6373.

IT IS FURTHER ORDERED that upon entry of this Preliminary Order of Forfeiture, the United States Attorney General or his designee is authorized to commence any applicable proceeding to comply with the statutes governing third party rights, including giving notice of this Order.

The United States shall publish on www.forfeiture.gov, notice of this preliminary forfeiture order and of its intent to dispose of the above-named property in such manner as the Attorney General may direct, pursuant to 21 U.S.C. § 853(n). Said notice shall direct that any person other than the Defendant asserting a legal interest in the property may file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the property.   The petition must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts

3

supporting the petitioner's claim, and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in the property.

Pursuant to Fed.R.Crim.P. 32.2(b)(4)(A), this Preliminary Order of Forfeiture shall become final as to Defendant at the time of his sentencing. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed.R.Crim.P. 32.2(c)(2).

Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, and additional facts supporting the petitioner's claim and the relief sought.

After the disposition of any motion filed under Fed.R.Crim.P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of

the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

The Court retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed.R.Crim.P. 32.2(e).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**IT IS SO ORDERED.**

Date:   August 6, 2015              s/Robert H. Cleland
                                    HONORABLE ROBERT H. CLELAND
                                    UNITED STATES DISTRICT JUDGE