UNITED STATES DISTRICT COURT
EASTERN DIVISION OF MICHIGAN
SOUTHERN DIVISION

---

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                        Case No. 13-20928

CHARLES JAMES MILLER,

        Defendant.

                                        /

**OPINION AND ORDER DENYING DEFENDANT'S
MOTION TO VACATE SENTENCE AND DENYING CERTIFICATE OF
APPEALABILITY**

Pending before the court is Defendant's Motion to Vacate Sentence. (Dkt. #77.) The Government has filed a response, (Dkt. #82), and Defendant has filed a reply, (Dkt. #84).[1] After reviewing the briefs, the court concludes that no hearing is necessary. For the following reasons the court will deny Defendant's motion.

**I. BACKGROUND**

Defendant Charles Miller plead guilty to the manufacture and possession of child pornography and was sentenced to 600 months' imprisonment. (Dkt. #76.) Despite having waived his right to appeal upon entry of the plea, he now seeks to vacate his sentence under 28 U.S.C. § 2255 on the basis of ineffective assistance of counsel in failing to sufficiently object to the admissibility of certain evidence.

This court had denied Plaintiff's motion to suppress the evidence (Dkt. #26) and then denied Plaintiff's motion for reconsideration of this ruling (Dkt. #37). The opinion

---

[1]As it will duly consider this reply brief, the court will terminate as moot Defendant's Motion for Extension of Time to File a Reply. (Dkt. #83.)

denying the motion to suppress explains the facts and fruits incident to the allegedly illegal extension of an otherwise validly executed search warrant seeking drugs:

> During their search, officers discovered that the residence had an extensive camera surveillance system and a hidden "control room" that housed video monitoring equipment, controlled substances, money, a safe, and a loaded hand gun.
>
> While searching the control room, Detective Wise picked up and turned on a small Nikon Coolpix digital camera. He examined the camera and discovered an image of two young girls engaged in sexual acts. Upon discovering the image, Detective Wise immediately turned off the camera. He logged the item on the search warrant as seized, but later noted that officers had accidentally left the camera at Defendant's residence. Police successfully secured numerous other items from the search, including Defendant's Sony laptop computer, the seizure of which is not independently contested.
>
> The next day police applied for a second search warrant in order to search Defendant's residence for evidence of child pornography production and possession. Police established probable cause for this second search by citing Detective Wise's observation of child pornography on Defendant's camera and Defendant's 2010 arrest on allegations that he sexually assaulted his six-year-old granddaughter. Again, a state judge authorized the warrant request. In the second search, police seized the Nikon Coolpix camera as well as other cameras, computers, software, hard drives, and several sexual aids. On October 4, 2014, police applied for a third warrant, again citing Detective Wise's observation of the camera's pornographic photo to establish probable cause. A state judge authorized this third warrant, and during its execution officers reviewed the content of Defendant's electronic devices.
>
> A forensic review of Defendant's electronic devices uncovered more evidence of child pornography. Specifically, the Nikon Coolpix Camera contained eighty-one images of the same two girls, determined to be ages seven and nine, engaged in sexually explicit acts; a Compaq Computer Tower contained approximately three images of suspected child pornography; the Sony Laptop Computer, which police seized in their first search, contained hundreds of images of child pornography from the internet, over 1,200 homemade pornographic images, and dozens of homemade pornographic videos of the same two minors. Police identified and located the two girls depicted in the images and videos, and the girls confirmed that Defendant took the photos.

> On January 9, 2014, the FBI applied for a fourth search warrant in order to examine Defendant's home surveillance camera. The FBI established probable cause, in part by again citing Detective Wise's initial observation of child pornography on Defendant's camera. Executing this warrant, the FBI seized yet additional evidence of Defendant's possession and production of child pornography.

(Dkt. #26, Pg. ID 247-49.)

Defendant argues that his trial counsel inadequately researched case law to support his legal theory for the exclusion of materials discovered as a result of the uncovering of photographs police found on the camera. He claims that counsel merely obtained a superficial understanding of case law of general applicability and was thus ill-prepared to properly support the motion to suppress. He alleges that had counsel prepared, the evidence would have been suppressed, and thus a trove of additional evidence would have been suppressed, he would never have agreed to the plea bargain.

In response, the Government argues that Defendants' two court-appointed attorneys engaged in extensive litigation on the motion to suppress but ultimately were not successful, not because they were inadequate counsel, but because the merits favored admission of the photographs. Additionally the Government contends that Miller would have been convicted in any case because his son had discovered a thumb drive at Miller's home containing child pornography and turned it over to police. Plaintiff's reply essentially re-litigates the underlying merits of the search itself and argues that the thumb drive would not have led to a conviction because the natural inference to draw from the fact that the images were also found on his son's computer is that they were produced by his son and his statements about the source of the drive lack credibility.

3

## II. STANDARD

Under 28 U.S.C. § 2255, a prisoner sentenced by a federal court may "move the court which imposed the sentence to vacate, set aside or correct the sentence" when "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255.  The defendant must demonstrate "the existence of a fundamental defect which inherently results in a complete miscarriage of justice, or an omission inconsistent with the rudimentary demands of fair procedure" in order to obtain relief.  *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993) (citing *Hill v. United States*, 368 U.S. 424, 428 (1962)).

## III. DISCUSSION

Setting aside the issue of waiver, as stated in this court's opinion denying Miller's motion for reconsideration, "[t]he court has already determined that the initial examination of the Coolpix camera was constitutionally authorized as within the scope of the search warrant." (Dkt. #37, Pg. ID 373.) There, as here, Miller's reliance on *Riley v. California*, 134 S. Ct. 2473 (2014), is misplaced, as that case did not involve a search warrant (*See* Dkt. #37, Pg. ID 373). Defendant does not provide any arguments beyond those that this court duly considered and rejected when it decided the original motion. The actions that police took upon discovery of Miller's camera were reasonable in executing the search warrant of the home. For the same reasons articulated in this court's earlier opinions (Dkts. ##26, 37), those actions were not unconstitutional.

4

Neither does this court have reason to conclude that Plaintiff suffered from ineffective assistance of counsel. Miller's motion to suppress was thorough and ably briefed (Dkt. #16) as was the reply (Dkt. #22). Far from a mere recitation of general legal principles, they reflect numerous citations to relevant legal authority from both within and outside of the Sixth Circuit. The fact that Miller's motion was unsuccessful is not the result of constitutionally deficient lawyering. Because Miller did not suffer from ineffective assistance of counsel, and the evidence was properly considered in any case, the court will deny Miller's motion to vacate the sentence.

## IV. CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2255 Proceedings requires that a district court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11, Rules Governing Section 2255 Proceedings.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition

5

should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

In this case, the court concludes that reasonable jurists would not debate the court's conclusion that the petition is untimely. Therefore, the court denies a certificate of appealability.

## V. CONCLUSION

IT IS ORDERED that Defendant's Motion to Vacate Sentence (Dkt. #77) is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion for Extension of Time to File Reply (Dkt. #83) is TERMINATED.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

 S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  March 31, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 31, 2017, by electronic and/or ordinary mail.

 S/Lisa Wagner
Case Manager and Deputy Clerk
(810) 984-2056