UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                      Case No. 13-20928

CHARLES JAMES MILLER,

        Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION EMERGENCY MOTION FOR COMPASSIONATE RELEASE AND FOR APPOINTMENT OF COUNSEL**

Defendant Charles James Miller pleaded guilty to production of child pornography, 18 U.S.C. § 2251(a), (e), and possession of child pornography, 18 U.S.C. § 2252A(a)(5)(B), (b)(2). (ECF No. 69, PageID.658.) On August 6, 2015, the court sentenced him to 600 months imprisonment. (*Id.*, PageID.659.)

Defendant has filed an emergency motion for compassionate release and for appointment of counsel. (ECF No. 92.) He argues that the health risks presented by the Coronavirus Disease ("COVID-19") while incarcerated at USP Terre Haute justify his immediate release. The government has filed a response. (ECF No. 95.) The court has reviewed the record and does not find a hearing to be necessary. E.D. Mich. LR 7.1(f)(2). Defendant's motion will be denied.

The federal compassionate release statute has "three substantive requirements." *United States v. Hampton*, 985 F.3d 530, 532 (6th Cir. 2021). First, the court may reduce a term of imprisonment if it determines "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). Second, to reduce a prisoner's

sentence, the sentencing factors provided under 18 U.S.C. § 3553(a) must weigh in the prisoner's favor. Third, a sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

A motion requesting a prisoner's compassionate release may be filed either by the Bureau of Prisons ("BOP") or by the prisoner himself. 18 U.S.C. § 3582(c)(1)(A). The Sixth Circuit held in *United States v. Jones*, 980 F.3d 1098, 1110-11 (6th Cir. 2020), that when a prisoner moves for compassionate release himself there is no "applicable policy statement[] issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Thus, the requirement in § 3582(c)(1)(A) that a sentence reduction be "consistent with [a] policy statement[]" does not apply to compassionate release analysis, and courts are to ignore it. *Jones*, 980 F.3d at 1111; *accord United States v. Elias*, 984 F.3d 516, 519-20 (6th Cir. 2021). A prisoner seeking compassionate release must nevertheless present "extraordinary and compelling" circumstances and must have § 3553(a)'s sentencing factors that weigh in his favor. 18 U.S.C. § 3582(c)(1)(A); *see Jones*, 980 F.3d at 1108, 1111 (holding that a court has "full discretion to define 'extraordinary and compelling'" and must also "determine whether, in its discretion, [a] reduction . . . is warranted" under § 3553(a)).

The government argues that Defendant did not fully exhaust administrative remedies. (ECF No. 95, PageID.811-812.) Before the court may consider a motion for compassionate release, Defendant must exhaust remedies at the BOP. *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020) (quotation removed) ("When properly invoked, mandatory claim-processing rules must be enforced."). Under § 3582(c)(1)(A), Defendant may seek compassionate release himself only if he submits a request for

2

compassionate release to his warden and he has "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request . . . whichever is earlier."

Defendant does not assert that he exhausted administrative remedies with the BOP. No documentation in support of exhaustion are attached to the motion, and "[a]ccording to the staff at Terre Haute . . . [Defendant] has not filed a request [for release] with the warden." (ECF No. 95, PageID.811.) Thus, denial of Defendant's emergency motion is justified due to lack of exhaustion.

Even if Defendant had exhausted his remedies, his circumstances are not extraordinary or compelling. 18 U.S.C. § 3582(c)(1)(A). "Extraordinary" is defined as "exceptional to a very marked extent." *Extraordinary*, Webster's Third International Dictionary, Unabridged (2020). "Compelling" is defined as "tending to convince or convert by or as if by forcefulness of evidence." *Compelling*, Webster's Third International Dictionary, Unabridged (2020). Courts have interpreted "extraordinary" in the context of compassionate release as "beyond what is usual, customary, regular, or common," and a "'compelling reason" as "one so great that irreparable harm or injustice would result if the relief is not granted." *United States v. Sapp*, Case No. 14-20520, 2020 WL 515935, at *3 (E.D. Mich. Jan. 31, 2020) (Leitman, J.); *United States v. Murphy*, Case No. 15-20411, 2020 WL 2507619, at *5 (E.D. Mich. May 15, 2020) (Cox, J.). A district court's findings as to extraordinary and compelling circumstances is reviewed for abuse of discretion. *See Elias*, 984 F.3d at 520-21.

On December 30, 2020, the BOP administered a first dose of the Pfizer COVID-19 vaccine to Defendant. (ECF No. 95-1, PageID.814.) The BOP gave Defendant the

3

second dose on January 19, 2021. (*Id.*) The court is aware of no scientifically derived evidence showing that severe complications or death from COVID-19 is likely, or even possible, after an individual has received a full vaccination regimen. Over forty million individuals have been fully vaccinated in the United States, and the court does not know of a single confirmed death of a fully vaccinated individual from COVID-19. *Trends in Number of COVID-19 Vaccinations in the United States*, Centers for Disease Control and Prevention, https://covid.cdc.gov/covid-data-tracker/#vaccination-trends (last visited March 23, 2021). Reports have found that the Pfizer vaccine is 95% effective at preventing COVID-19. *See Comparing the COVID-19 Vaccines: How Are They Different?*, Yale Medicine, https://www.yalemedicine.org/news/covid-19-vaccine-comparison (last visited March 23, 2021). The risk of COVID-19 to Defendant's health does not warrant the extraordinary remedy of compassionate release. 18 U.S.C. § 3582(c)(1)(A).

Defendant also requests appointment of counsel. (ECF No. 92, PageID.800.) On the face of his motion, Defendant is not entitled to relief. Appointment of counsel is not necessary, and the request will be denied. Accordingly,

IT IS ORDERED that Defendant's "Motion to Appoint Counsel [and] Emergency Motion for Compassionate Release" (ECF No. 92) is DENIED.

                                           s/Robert H. Cleland                  /
                                           ROBERT H. CLELAND
                                           UNITED STATES DISTRICT JUDGE

Dated:  March 24, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 24, 2021, by electronic and/or ordinary mail.

<u>s/Lisa Wagner                              /</u>
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\13-20928.MILLER.EmergencyMotionforCompassionateReleaseandAppointmentofCounsel.RMK.docx